UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WHITNEY MIHYOSI REYES,

    Plaintiff,

  -against-

CONTINENTAL FINANCE COMPANY, LLC,
Servicer for MID AMERICA BANK & TRUST
COMPANY/VERVE,

    Defendant,

_____/

**COMPLAINT**

Docket No. 1:15-cv- 6435

Jury Trial Demanded:  Yes

## I.    PARTIES IN THE COMPLAINT

Plaintiff, Whitney M. Reyes ("Plaintiff"), by and through her attorney, Subhan Tariq, Esq., as and for her Complaint against the Defendant, Continental Finance Company, LLC as servicer for Mid America Bank & Trust Company/ Verve (hereinafter referred to as "Defendant"), respectfully sets forth, alleges upon information and belief, the following:

1. Plaintiff, Whitney Mihyosi Reyes ("Plaintiff") is a natural person and a citizen of the State of New York, with a place of residence located at 105-50 97th Street, 2nd Floor, Ozone Park, New York 11417.

2. Defendant, Continental Finance Company, LLC is a servicer for original creditor Mid America Bank & Trust/Verve, a Delaware limited liability company and a "debt collector" as said term is defined under the `FDCPA, 15 U.S.C. §1692 (a ) (6) and a servicer under 12 U.S.C. §2605 doing business in New York that regularly collects on notes, with a place of business located at 121 Continental Drive Suite 108, New Castle, DE 19713.

3. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692 (a) (30).

4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 U.S.C. § 1692 (a) (6).

## II.    JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and pursuant to 16 U.S.C. 1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state laws claims.

6. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 c (c)  ("FDCPA") and out the invasions of Plaintiff's personal and financial privacy by this Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

7. This actions also arises out of Defendant's repeated violations of the Telephone Consumer Protections Act, 47 U.S.C. § 227 (a) (1).

8. Venue is proper in this District because the acts and transactions occurred in the State of New York. Plaintiff resides in New York, and Defendant conducts business in the State of New York.

## III.    STATEMENT OF FACTS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number ("1 through 8") herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by calling Plaintiff on the Plaintiff's cellular telephone number (631)805-8323 from defendant's telephone (866)449-4530.

11. On June 15, 2015 Plaintiff sent a cease and desist letter via registered certified return receipt to Defendant to stop all calls to her at the number (631)805-8323 or other numbers that they have on file. A copy of the letter and certified return receipt is attached hereto as Exhibit "**A**."

12. Defendant, has left numerous pre-recorded message on number (631) 805-8323.

13. Defendant repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### III.    TELEPHONE CONSUMER PROTECTION ACT

14. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

15. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls**

> **placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**
>
> *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)
>
> The Second Circuit's more recently decision in *Giovanniello v. ALM Media, LLC*, 726 F.3d 107 (2d Cir. 2013), recognized that prior interpretation of §227(b)(3) as giving state courts the authority to set the terms of TCPA claims no longer held true.  Based on those precedents, the court held that Federal Rule of Civil Procedure 23, not state law, governs when a federal TCPA suit may proceed as a class action.  The Second Circuit noted that Mims triggered a fundamental shift in the way that the court views Section 227(b)(3)'s "if otherwise permitted" language, and "uprooted much of our TCPA jurisprudence." Ultimately, the court found that Federal Rule of Civil Procedure 23 now governs TCPA class actions in Federal Courts.

### *Illegal Auto-Dialed Collection Calls*

17. Immediately preceding the filing of this lawsuit, Defendant and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

18. Without Plaintiff's prior express consent, Defendant and its agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt numerous times.

19. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendant failed to acknowledge Plaintiff's request to cease and desist all collection efforts. Defendant never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to his cell phone or to send prerecorded and/or synthesized messages on his cell phone.

20. Without Plaintiff's prior express consent, Defendant and its agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least One Hundred (100) or more times. Copies of screenshots of Defendant's calls to Plaintiff are attached hereto as Exhibit "**B**."

21. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone prior to filing this complaint, were illegal attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 (b)(1)(a).

22. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5). The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

23. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

24. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (631)805-8323 for which the Plaintiff paid money. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U. S.C. § 1692(a) (c) (emphasis added).

Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

> 15 U.S.C. § 6801(a) (emphasis added).

25. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and refusing to acknowledge

Plaintiff's cease and desist letter which was sent to Defendant certified registered return receipt and calling Plaintiff's cellular telephone, and thereby invaded Plaintiff's privacy.

26. Defendant and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

27. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

28. The conduct of Defendant and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendants in an amount to be determined at trial.

30. Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(1)(a) in their illegal efforts to collect a consumer debt by contacting the Plaintiff's cellular phone numerous times.

## V.  FAIR DEBT COLLECTIONS PRACTICES ACT

31. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of

the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

## VI. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 c (c)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs "1 through 31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 U.S.C. § 1692 c ( c ) ("FDCPA") prohibits any collector after written notification from continuing communication practices. The Defendant violated this provision of the law by continuing to call the Plaintiff despite receiving a cease and desist letter from the Plaintiff.

34. 15 U.S.C. § 1692(d)(5)("FDCPA") prohibits any collector from attempting to repeatedly engage a consumer in telephone conversations or cause the consumers phone to ring with the intent to annoy, abuse or harass any person at that number. The Defendant violated this provision of the law by repeatedly causing the Plaintiff's phone to ring and repeatedly attempting to engage the Plaintiff in telephone conversations.

## VII. VIOLATIONS OF TELEPHONE COMMUNICATIONS PRACTICE ACT ("TCPA"), 47 U.S.C. § 227  (b)(1)(a)

35. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(1)(a) prohibits any call made using any automated telephone equipment or an artificial or prerecorded voice to an emergency line, a hospital emergency number, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call. The Defendant

violated this provision of the law by repeatedly calling the Plaintiff's cellular phone which the Plaintiff pays for.

## VIII. EQUITABLE RELIEF FOR VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICES ACT

36. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill- gotten gain.

## IX. CIVIL PENALTIES FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

37. Defendant, Continental Finance Company, LLC, has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

38. Each instance within one (1) year preceding the filing of this Complaint, in which Defendant Continental Finance Company, LLC, has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

39. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of

1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

40. Civil penalties for violations of the TCPA; In the event of a violation of the TCPA, a subscriber may sue for up to $1,500 for each violation or to recover actual monetary loss, whichever is higher. In addition, the subscriber may seek an injunction.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

2. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);

3. Award statutory damages provided and pursuant to 15 U.S.C. § 1692 *et seq.* ("FDCPA") Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(1)(a).

4. Award statutory damages provided and pursuant to 15 U.S.C. § 1692 (b)(1);

5. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a ) (1);

6. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (2) (a)

7. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (2) (b)

8. Award attorney's fees and costs provided and pursuant to 15 U.S.C. 1692k (a) (3);

9. Order a declaration that the Defendant's practices violated the FDCPA and TCPA;

10. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within one year preceding the filing of this Complaint; and

11. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: October 20, 2015

        Respectfully submitted,

        __s/ Subhan Tariq_____
        Subhan Tariq, Esq.
        Attorney I.D. No. ST9597
        The Law Office of Subhan Tariq, Esq., PLLC
        216-14 Jamaica Avenue
        Queens Village, NY 11428
        516-900-4529
        Email:Subhan@tariqlaw.com
        **Attorney for Plaintiff**

To:
Continental Finance Company, LLC
121 Continental Drive, Suite 108
New Castle, DE 19713
Mid America Bank & Trust/ Verve Card
P.O. Box 8099
Newark, DE 19714-8099

(via Prescribed service)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(For Filing purposes)